SIMONICH, RESPONDENT, *v.* QUILICI, APPELLANT.

(No. 3,243.)

(Submitted April 15, 1913.   Decided May 1, 1913.)

[132 Pac. 21.]

*Personal Injuries—Negligence—Evidence—Sufficiency.*

1.   Evidence *held* sufficient to warrant a finding that defendant carelessly and negligently, for the purpose of frustrating a hold-up in his saloon, fired a shotgun into a room where plaintiff was standing and seriously injured him.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by Martin Simonich against Dominick Quilici. Judgment for plaintiff, and defendant appeals from it and an order denying him a new trial. Affirmed.

*Mr. J. L. Wines,* and *Mr. T. J. Harrington,* for Appellant, submitted a brief; *Mr. Wines* argued the cause orally.

*Mr. Alex. Mackel,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeals by the defendant from a judgment and an order denying his motion for a new trial. Plaintiff brought this action to recover damages for a personal injury suffered by him through the alleged negligence of the defendant. The injury was inflicted under these circumstances:

One Donati and defendant were conducting a saloon in [1] Meaderville, in Silver Bow county. On the evening of July 31, 1911, the defendant was in charge of the business, Donati being absent. Several persons were present, most of whom were in a room in the rear of the building engaged in gambling. Among these was plaintiff. Defendant was running a roulette wheel. The barroom extends east and west, and fronts to the east; the bar being on the north side. The rear room is reached by a door opening from the barroom. At the west end of the bar a door opens into another room toward the north. From this room a second door opens into the rear room, and a third to the outside toward the west. On the north side of the rear room is a window. One going toward the west from the outside door of the room at the end of the bar may look through the window and observe what is passing within the rear room. While the games were in progress, three men entered the room through a door opening from the rear to rob the players. They commanded all persons present to hold up their hands and face the walls. This they all did, except the defendant, who escaped into the north room. The plaintiff was standing against the west wall. While the robbers were engaged in gathering money from the tables at which games had been in progress, some one on the outside fired a charge from a shotgun through the north window, which struck plaintiff in the abdomen, inflicting a serious wound.

The substance of the charge in the complaint is that the defendant fired the shot with the purpose of preventing the robbery, but that he did it carelessly and negligently, thereby injuring plaintiff. The defendant in his answer denied that he fired the shot. Whether he did or not was the one issue made

in the evidence in the district court; it being apparently conceded that defendant's liability or nonliability depended entirely upon the determination of this issue. Whether the conclusion of the jury is based upon substantial evidence is the only question submitted to us for decision.

The evidence is somewhat voluminous. No useful purpose would be served by a detailed statement of it. A careful reading and analysis of it as a whole, however, produces the conviction that the jury could not reasonably have found otherwise than they did. It is true that the shot was fired through the north window from the darkness outside, and that no one definitely identified the defendant as the person who fired it. Yet it is not disputed that he was in the room north of the bar, immediately before and after the shot came through the window, in possession of a shotgun—the only one on the premises; it being kept there for just such an emergency as arose on the evening in question. These circumstances were supplemented by others, which cannot be explained on any other reasonable theory than that defendant fired the shot.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.